IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

GLENN C. CAMPBELL,

        Plaintiff

v.                                    CIVIL NO. 3:08CV222

MIDLAND CREDIT MANAGEMENT, INC.

    SERVE: Secretary of Commonwealth
              1111 East Broad Street, 4th Floor
              Richmond, Virginia

and

EXPERIAN INFORMATION SOLUTIONS, INC.

    SERVE: David N. Anthony, Registered Agent
              1001 Haxall Point
              Richmond, Virginia 23219

        Defendants

## COMPLAINT

COMES NOW the Plaintiff, GLENN C. CAMPBELL, (hereafter collectively the "Plaintiff") by counsel, and for his complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act) and as to Defendant, Midland Credit Management, Inc., for actual and statutory damages, costs and attorney fees pursuant to 15 U.S.C. §1682, et seq. (Fair Debt Collection Practices Act).

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. 1367.

Venue is proper as all relevant events occurred in this District and Defendants operate in Virginia through statutory and/or registered agents located in this division.

## PARTIES

3. The Plaintiff, a practicing physician, is a natural person and resident of the State of Virginia. He is a "consumer" as defined by 15 U.S.C. §1681a(c) and 15 U.S.C., §1682(a)(3).

4. Upon information and belief, EXPERIAN INFORAMTION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the State of Virginia through its registered agent's office.

5. Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, MIDLAND CREDIT MANAGEMENT, INC. ("Midland") is a foreign corporation doing business in the State of Virginia. Its primary purpose is the collection of consumer debts.

## FACTS

8. Prior to August, 2007 Plaintiff obtained a copy of his credit reports and learned that Midland Credit Management, Inc. ("Midland") was reporting to Experian derogatory information within his credit file for a collection account on behalf of Citibank/Zales that did not belong to him. (the "Midland Reporting").

9. On or about August 28, 2007, Plaintiff disputed the collection account with

Defendant, Midland, by letter, stating that the account was not his account and advised the Defendant, Midland to never contact him again.

10. Plaintiff disputed the account with Midland directly and also to Experian and informed both Defendants that the Citibank/Zales account was a forgery and not his account or was a mixed file problem. Defendant had the Plaintiff mixed with a different Glen Campbell.

11. The Midland Reporting was false. The Plaintiff never signed the application for credit and was never legally responsible for the Citibank/Zales account.

12. On or about September 19, 2007, Defendant, Midland again contacted Plaintiff by letter attempting to collect the debt and offering a settlement on the disputed account.

13. Defendants each received, but ignored the Plaintiff's disputes and did refuse to delete the inaccurate information regarding the account from the Plaintiff's credit file.

14. Defendants each had actual knowledge of this inaccuracy and deliberately chose to ignore and permit same.

15. Plaintiff also disputed to Experian in these same communications, additional account information that also had been wrongfully attributed to him and mixed into his credit files.

16. After receiving Plaintiff's notice of the inaccuracy and within the two years preceding the filing of this action, Experian prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate derogatory collection account of Midland and other disputed information.

17. Experian received Plaintiff's multiple disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead, it merely "parroted" the information dictated to it by Midland and its other subscribers.

18. Upon information and belief, Plaintiff alleges that on one or more occasions Experian forwarded Plaintiff's disputes to Midland. Upon information and belief, Midland was provided notice of Plaintiff's disputes and despite this notice, it failed and refused to investigate and correct its inaccurate reporting.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681s-2(b)(1)(A) (MIDLAND)

19. Plaintiff realleges and incorporates paragraph 1 through 18 above as if fully set out here.

20. Within two years prior to the filing of this suit, by example only and without limitation, Midland violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's dispute of the Midland representation.

21. As a result of this conduct, action and inaction of Midland, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

22. Midland's conduct, action and inaction was willful, rendering Midland liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Midland was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

23. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Midland in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681s-2(b)(1)(B) (MIDLAND)

24. Plaintiff realleges and incorporates paragraphs 1 through 23 above as if fully set out

herein.

25. Within two years prior to the filing of this suit, by example only and without limitation, Midland violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

26. As a result of this conduct, action and inaction of Midland the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

27. Midland's conduct, action and inaction was willful, rendering Midland liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Midland was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

28. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Midland in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15U.S.C. 1681s-2(b)(1)(C)and(D) (MIDLAND)

29. Plaintiff realleges and incorporates paragraphs 1 through 28 above as if fully set out herein.

30. Within two years prior to the filing of this suit, by example only and without limitation, Midland violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(C) and (D) by publishing the Midland representation within Plaintiff's credit file with Experian without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agencies.

31. As a result of this conduct, action and inaction of Midland the Plaintiff suffered

damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

32. Midland's conduct, action and inaction was willful, rendering Midland liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Midland was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

33. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Midland in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE: FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1682c
### (Midland)

34. Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set out herein.

35. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1682c by its actions which include, but are not limited to: contacting the plaintiff after the defendant received notice from the plaintiff that he disputed the debt and that he wished the defendant to cease communication with him.

36. As a result of these violations, plaintiff has experienced emotional distress, anxiety, embarrassment, loss of concentration, lost attorney's fees, and other economic and non-economic damages.

## COUNT SIX: FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692f
### (Midland)

37. Plaintiff realleges and incorporates paragraphs 1 through 36 above as if fully set out herein.

38. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1682f by its actions which include, but are not limited to: attempting to collect amounts from the plaintiff which were not properly due and owing.

39. As a result of these violations, plaintiff has experienced emotional distress, anxiety, embarrassment, loss of concentration, lost attorney's fees, and other economic and non-economic damages.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681e(b) (Experian)

40. The Plaintiff realleges and incorporates paragraphs 1 through 39 above as if fully set out herein.

41. Defendant, Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintains concerning the Plaintiff.

42. As a result of the conduct, actions and inactions of Experian the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

43. Defendant Experian's conduct, actions and inactions were willful, rendering Defendant Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

44. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT

### §15 U.S.C. 1681i(a)(1) (Experian)

45. Plaintiff realleges and incorporates paragraphs 1 through 44 above as if fully set out herein.

46. Defendant, Experian violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

478. As a result of the conduct, actions and inactions of Defendant, Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

48. Defendant, Experian's conduct, actions and inactions were willful, rendering Defendant Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant, Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

49. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant, Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT NINE: VIOLATION OF FAIR CREDIT REPORTING ACT

### §15 U.S.C. 1681i(a)(2) (Experian)

50. Plaintiff realleges and incorporates paragraphs 1 through 49 above as if fully set out

herein.

51. Defendant, Experian violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide notification of the Plaintiff's dispute to Midland and by failing to include all relevant information regarding the Plaintiff's dispute.

52. As a result of the conduct, actions and inactions of Defendant, Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

53. Defendant, Experian's conduct, actions and inactions were willful, rendering Defendant, Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

54. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TEN: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681i(a)(4) (Experian)

55. Plaintiff realleges and incorporates paragraphs 1 through 54 above as if fully set out herein.

56. Defendant Experian violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider <u>all</u> relevant information submitted by Plaintiff.

57. As a result of the conduct, actions and inactions of Defendant, Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

58. Defendant, Experian's conduct, actions and inactions were willful, rendering Defendant, Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant, Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

59. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant, Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT ELEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(5)(A) (Experian)

60. Plaintiff realleges and incorporates paragraphs 1 through 59 above as if fully set out herein.

61. Defendant, Experian violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

62. As a result of the conduct, actions and inactions of Defendant Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

63. Defendant Experian's conduct, actions and inactions were willful, rendering Defendant, Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant, Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

64. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant Experian in an amount to be determined by the Court pursuant to

15 U.S.C. §1681n and §1681o.

## COUNT TWELVE: VIOLATION OF FAIR CREDIT REPORTING ACT

### §15 U.S.C. 1681i(a)(5)(c) (Experian)

65. Plaintiff realleges and incorporates paragraphs 1 through 64 above as if fully set out herein.

66. Defendant, Experian violated 15 U.S.C. §1681i(a)(5)(C) on multiple occasions by failing to maintain procedures designed to prevent the reappearance of deleted inaccurate information in Plaintiff's credit file.

67. As a result of the conduct, actions and inactions of Defendant Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

68. Defendant, Experian's conduct, actions and inactions were willful, rendering Defendant Experian each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

69. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

GLENN C. CAMPBELL,

By_____
Of Counsel

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
(Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile
    *Counsel for Plaintiff*